UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS HEIN,

           Plaintiff,

v.

CRASH CHAMPIONS, LLC; and DOES 1-10,

           Defendants.

C24-1176 LK TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's Motion to Remand, docket no. 13, is DENIED in part and DEFERRED in part, as follows:

(a) In his Motion to Remand, Plaintiff contends that his Complaint is identical to complaints filed in *Floyd v. Insight Global LLC*, No. 23-cv-1680, 2024 WL 2133370 (W.D. Wash. May 10, 2024), and other cases where courts have remanded due to lack of Article III standing.[1] Plaintiff's reliance on *Floyd* and other cases is misguided. In *Floyd*, the plaintiff did not plead that he applied "in good faith" for the job at issue, but rather included such allegation in his declaration in opposition to the defendant's motion to dismiss. 2024 WL 2133370, at *8. The *Floyd* court declined to consider his declaration as part of his pleading. *Id.* In this case, however, in Paragraph 3 of the Complaint, docket no. 1-2, Plaintiff alleged that he applied for the position in good faith and with the genuine intent of gaining employment. Thus, *Floyd* is distinguishable, as are the other cases cited by Plaintiff. Plaintiff's Motion to Remand is DENIED to the extent that Plaintiff asserts he has not sufficiently pleaded Article III standing.

---

[1] *See also Atkinson v. Aaron's, LLC*, No. 23-cv-1742, 2024 WL 2133358 (W.D. Wash. May 10, 2024); *David v. Herc Rentals Inc.*, No. 24-cv-175, 2024 WL 2133369 (W.D. Wash. May 10, 2024); *Floyd v. DoorDash, Inc.*, No. 23-cv-1740, 2024 WL 2325128 (W.D. Wash. May 22, 2024); *Spencer v. RXO, Inc.*, No. 23-cv-1760, 2024 WL 2399974 (W.D. Wash. May 23, 2024); *Spencer v. Vera Whole Health, Inc.*, No. 24-cv-337, 2024 WL 3276578 (W.D. Wash. July 2, 2024); *Atkinson v. Penney Opco LLC*, No. 23-cv-1806, 2024 WL 3579910 (W.D. Wash. July 30, 2024); and *Watson v. Deacon Constr., LLC*, No. 23-cv-1806, 2024 WL 3579912 (W.D. Wash. July 30, 2024).

MINUTE ORDER - 1

(b) The Motion to Remand is DEFERRED with respect to whether the Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA requires that an action removed from state court involve a class with at least 100 putative members, that at least one plaintiff is diverse in citizenship from any defendant, and that the aggregate amount in controversy exceeds $5 million. *See Moliga v. Qdoba Restaurant Corp.*, No. 23-CV-1084, 2023 WL 5013439, at *4 (W.D. Wash. Aug. 7, 2023). The removing party has the burden of overcoming the strong presumption against removal jurisdiction by establishing that the CAFA criteria are met. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011). Although Defendant Crash Champions, LLC's Notice of Removal, docket no. 1, indicates that the proposed class includes more than 100 individuals, it fails to allege sufficient facts to support the requisite diversity. The Notice of Removal erroneously applied the citizenship standard for corporations rather than for limited liability companies. *See* Notice of Removal at ¶ 14 (docket no. 1). As a limited liability company, Defendant is a citizen of every state in which its members are domiciled. *See Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). This standard is codified in LCR 7.1 with which Defendant's Corporate Disclosure Statement, docket no. 3, does not comply. With regard to the amount in controversy, Defendant asserts that the maximum in potential statutory damages ($5,000) may be aggregated by class member, as opposed to statutory violation, and contends that the approximately 1,586 individuals who applied during the period from January 1, 2023, to July 12, 2024, for one job opening in Washington would be entitled to at least $7,930,000. *See* Notice of Removal at ¶ 22 (docket no. 1). Defendant provides no authority for interpreting the Washington statute to authorize the calculation of class damages in this manner. Defendant is DIRECTED to file by November 1, 2024, a corrected Corporate Disclosure Statement and a supplemental response to Plaintiff's Motion to Remand, addressing whether the Court has CAFA jurisdiction. Plaintiff may file a supplemental reply by November 8, 2024.

(c) Plaintiff's Motion to Remand, docket no. 13, is RENOTED to November 8, 2024.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record and the Honorable Lauren J. King.

Dated this 24th day of October, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 2