UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS HEIN,

        Plaintiff,

  v.

CRASH CHAMPIONS, LLC; and DOES 1-10,

        Defendants.

C24-1176 LK TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff Douglas Hein's motion to remand, docket no. 13. Also before the Court is a motion brought by Defendant Crash Champions, LLC ("Crash Champions") to clarify Plaintiff's allegations about damages, docket no. 20. Having reviewed all papers filed in support of, and in opposition to, the motions,[1] the Court enters the following order.

**Background**

On June 28, 2024, Plaintiff filed this putative class action in Snohomish County Superior Court, alleging that Crash Champions violated Washington's Equal Pay and Opportunities Act, ("EPOA"), RCW 49.58.110, by failing to include "the wage scale, salary range, or a general description of the benefits and other compensation to be

---

[1] The motion to remand and the motion to clarify were referred to the undersigned judge to decide.

ORDER - 1

1  offered" in its job postings. Compl. at ¶ 10 (docket no. 1-2). Plaintiff alleged that, as a
2  result, he was unable to evaluate the pay that Crash Champions was offering, negotiate
3  that pay, or compare that pay to the amount associated with other positions in the
4  marketplace. *Id.* at ¶ 13. On August 2, 2024, Crash Champions removed the case to this
5  Court, asserting that the Court has subject matter jurisdiction over this action pursuant to
6  the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). Notice of
7  Removal (docket no. 1 at 3-8).

8  　　On September 3, 2024, Plaintiff filed a motion to remand, docket no. 13. On
9  October 24, 2024, the Court denied the motion to remand in part, concluding that
10 Plaintiff's reliance on *Floyd v. Insight Global LLC*, 2024 WL 2133370 (W.D. Wash.
11 May 10, 2024), was misplaced because, unlike the plaintiff in *Floyd*, Plaintiff here
12 pleaded that he applied "in good faith" for the job at issue. *See* Minute Order at ¶ 1(a)
13 (docket no. 18). The Court otherwise deferred the motion to remand and directed Crash
14 Champions to provide supplemental briefing addressing whether the Court has CAFA
15 jurisdiction. *Id.* at ¶ 1(b). On October 31, 2024, Crash Champions filed a motion to
16 clarify, asking the Court to require Plaintiff to address the amount in controversy. *See*
17 Mot. at 3 (docket no. 20). In response, Plaintiff stated he "does not dispute that CAFA
18 diversity jurisdiction is met," and instead asserted that he lacks Article III standing, citing
19 a recent decision in *Walton v. Clean Harbors Environmental Services, Inc.*, W.D. Wash.
20 Case No. C24-1051. *See* Pl.'s Supp. Reply at 1–3 (docket no. 22) (citing Ex. 1 to
21 Denlinger Decl. (docket no. 23-1) [hereinafter *Walton* Order]).

22
23

ORDER - 2

**Discussion**

Because the issue of Plaintiff's Article III standing is dispositive, the Court need not further address whether CAFA jurisdiction exists. In advocating for a remand, Plaintiff argues that his allegations of good faith intent and loss of valuable time are insufficient to establish the required injury in fact for standing under Article III. The Court agrees with Plaintiff. "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (c*iting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). In this case, as the party invoking federal jurisdiction, Crash Champions bears the burden of establishing that Plaintiff has Article III standing. *See Yeh v. Twitter, Inc.*, No. 23-cv-1790, 2023 WL 8429799, at *3–4 (N.D. Cal. Dec. 4, 2023); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Plaintiff's complaint does not satisfy federal court standing requirements. Two recent cases from this District support this conclusion. In *Walton*, decided on October 29, 2024, the plaintiff alleged that she applied to a job posting by the defendant with genuine intent to seek employment and in good faith. *Walton* Order at 4. The plaintiff argued that the defendant's failure to disclose salary information caused her to waste valuable time and prevented her from effectively evaluating the pay offered by the defendant or comparing the pay to the wages associated with other job opportunities. *Id*. The *Walton* Court ruled that the plaintiff lacked Article III standing, reasoning that allegations of lost

ORDER - 3

time and an inability to assess job positions in the marketplace did not establish actual harm. *Id.*

Likewise, in *Wallace v. Marten Transport, LTD.*, 2024 WL 4723751 (W.D. Wash. Nov. 8, 2024), the defendant posted job openings without disclosing the wage scale, salary range, or general description of benefits. *Id.* at *1. The *Wallace* Court, faced with both a motion to remand and a motion to dismiss, denied the plaintiffs' motion to remand because it found that remand would be futile, and granted the defendant's motion to dismiss, concluding that the alleged "lost time while applying for a job" did not allege an "injury in fact." *See id.* at *3-5.

In this case, Plaintiff alleges that the failure to provide salary information in the job posting caused him to waste valuable time and prevented him from evaluating the salary range and comparing it to the wages for other job opportunities. A job posting lacking salary information resulting in lost time and an inability to evaluate pay does not, however, create a risk of harm. Similarly, Plaintiff's conclusory statement of a "good faith" application for the position at issue fails to establish a concrete, particularized harm. The Court concludes that Plaintiff has not alleged a concrete, particularized injury sufficient to satisfy Article III standing. As a result of the Court's ruling, the motion to require Plaintiff to clarify the amount in controversy is MOOT.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion to remand, docket no. 13, is GRANTED.

(2) Defendant's motion to clarify, docket no. 20, is STRICKEN as MOOT.

ORDER - 4

(3) This matter is REMANDED to Snohomish County Superior Court effective fourteen (14) days from the date of this Order.

(4) The Clerk is directed to send a copy of this Order to all counsel of record and to the Honorable Lauren J. King.

IT IS SO ORDERED.

Dated this 6th day of December, 2024.

Thomas S. Zilly
United States District Judge

ORDER - 5